UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN by and through the SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, et al.,<br><br>Defendants. | No. 2:16-cv-00770-TLN-JDP<br><br><br>**ORDER** |

This matter is before the Court pursuant to Defendants County of San Joaquin through San Joaquin County Human Services Agency ("HSA") and Stephanie Evans's ("Evans") (collectively, "Defendants") Motion to Dismiss. (ECF No. 38.) Plaintiff Victor Rodriguez ("Plaintiff") filed an opposition.[1] (ECF No. 39.) Defendants replied. (ECF No. 41.)

Having carefully considered the briefing filed by both parties and for the reasons set forth below, the Court GRANTS Defendants' motion.

///

---

[1] Plaintiff untimely filed his opposition. *See* E.D. Cal. L.R. 230(c) (An opposition "shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date .... A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."). However, the Court, in its discretion, will consider the filing.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts, as they are set forth fully in the Court's March 30, 2022 order. (ECF No. 34 at 2–6.) In short, Plaintiff's claims arise from the investigation, court hearing, and resolution of a juvenile dependency hearing for minor, A.R. (ECF No. 35 at ¶¶ 13–30.) Plaintiff asserts that he is A.R.'s biological father, and Defendants denied his parental rights by failing to contact him regarding A.R.'s juvenile dependency matter and providing false information to the juvenile dependency court, which resulted in A.R. being placed in foster care rather than with him. (*Id.* at ¶ 13.)

Plaintiff initiated this action on April 14, 2016. (ECF No. 1.) On January 6, 2017, Plaintiff filed a First Amended Complaint ("FAC") asserting seven causes of action against Defendants for the following violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 ("§ 1983") and violations of state law: (1) First Amendment interference with familial relations against Evans and Saga-Matsumoto; (2) Fourteenth Amendment due process violations against Evans and Saga-Matsumoto; (3) *Monell* liability against HSA; (4) negligence against all Defendants; (5) negligent hiring, retaining, and training against HSA; (6) intentional infliction of emotional distress ("IIED") against Evans and HSA; and (7) negligent infliction of emotional distress ("NIED") against Evans and Saga-Matsumoto. (*See* ECF No. 8.)

On September 6, 2017, Defendants filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 13.) On March 31, 2021, the Court granted Defendants' motion and dismissed the FAC in its entirety. (ECF No. 25.) The Court dismissed Claims One, Five, and Seven without leave to amend. (*Id.* 26–27.)

On April 30, 2021, Plaintiff filed a Second Amended Complaint ("SAC") asserting the same seven causes of action as were asserted in the FAC. (ECF No. 26.) On May 21, 2021, Defendants filed a motion to strike pursuant to Rule 12(f) and a second motion to dismiss pursuant to Rule 12(b)(6). (ECF Nos. 27, 28.) On March 30, 2022, the Court partially reversed its previous March 31, 2021 Order (ECF No. 25) and denied Defendants' motion to dismiss Claim One. (ECF No. 34.) The Court also denied Defendants' motion to dismiss Claim Two and granted Defendants' motion to dismiss Claims Three, Four, and Six with leave to amend. (*Id.*)

2

The Order further denied Defendants' motion to strike Claim One but granted the motion in all other respects. (*Id.*)

On April 27, 2022, Plaintiff filed the operative Third Amended Complaint ("TAC"). (ECF No. 35.) On June 17, 2022, Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 38.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

1   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
2   statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences
3   are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355
4   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the
5   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
6   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
7   *Council of Carpenters*, 459 U.S. 519, 526 (1983).
8         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
9   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim
10  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
11  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
12  680. While the plausibility requirement is not akin to a probability requirement, it demands more
13  than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility
14  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
15  experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or
16  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
17  dismissed. *Id.* at 680 (internal quotations omitted).
18        In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits
19  thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
20  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
21  *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*
22  *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true
23  allegations that contradict matters properly subject to judicial notice).
24        If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
25  amend even if no request to amend the pleading was made, unless it determines that the pleading
26  could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,
27  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));
28  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.   ANALYSIS**

Defendants move to dismiss Claims Three, Four, and Six, arguing the TAC fails to remedy the deficiencies the Court identified in its March 30, 2022 Order. (ECF No. 38 at 1–2.) The Court will address each claim in turn.

####  A.   Claim Three

In Claim Three, Plaintiff alleges HSA "through the individual policy makers and/or supervisory officials . . . improperly, inadequately, or with deliberate indifference to the constitutional rights of persons, grossly negligently, or with reckless disregard for the constitutional rights, failed to properly train, supervise, retain, monitor, or take corrective action with respect to individual employees under their supervision," including Evans. (ECF No. 35 at 28.) Defendants assert the *Monell* claim should be dismissed because Plaintiff failed to allege "how the County's policies and procedures are unconstitutional." (ECF No. 38 at 16.)

A municipality may be liable under *Monell* for adopting a policy or custom that inflicts injury, if a plaintiff can demonstrate: (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation.[2] *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–91 (1989)).

///

---

[2] As the Court previously found in its March 30, 2022 Order, Plaintiff alleges sufficient facts to claim Evans violated Plaintiff's Fourteenth Amendment rights. (ECF No. 34 at 18–19.) Thus, the Court will only examine whether Plaintiff adequately alleges the remaining elements of a *Monell* claim.

5

For a *Monell* claim to withstand a Rule 12(b)(6) motion to dismiss, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegation of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

"Absent a formal government policy, [a plaintiff] must show a longstanding practice or custom which constitutes the standard operating procedure of the local government entity . . . so persistent and widespread that it constitutes a permanent and well settled . . . policy." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotation marks and citations omitted).

Here, Plaintiff alleges the same series of "policies, customs, and practices . . . which were in violation of the civil rights of Plaintiff and others" as Plaintiff alleged in his SAC (*Compare* ECF No. 35 at 30, *with* ECF No. 26 at 27–28.) Specifically, Plaintiff alleges customs and practices of: (1) ignoring guidelines and state laws that require social workers to give notice to the juvenile dependency court when a person claims to be the biological parent to a child under the jurisdiction of the juvenile dependency court; (2) ignoring the communications and complaints of individuals seeking to acknowledge their status as a biological parent; (3) willfully misrepresenting facts to the juvenile dependency court in order to close a case or otherwise arrive at a preferred outcome; and (4) preventing biological parents from reuniting with their minor children without a legal basis. (*Id*. at 30–31.)

Moreover, Plaintiff contends a 2014 Grand Jury Report on the San Joaquin County Human Services Agency ("Grand Jury Report") evidences the "County of San Joaquin has either a policy or custom and practice of failure to train or inadequate training of social workers so that prevailing or future social worker misconduct is inevitable." (ECF No. 39 at 3–5.) Defendants assert the Grand Jury Report is irrelevant to Plaintiff's *Monell* claim as the report addresses issues within the foster care system and there are "no foster care issues in this case." (ECF No. 41 at 5–6.)

The Grand Jury Report states that the San Joaquin Grand Jury initiated an investigation into HSA based upon a "concern that there may have been incidents when foster parents were

being paid to care for children that were no longer in their home." (*Id*. at Exhibit A.) The Grand Jury found no evidence of such fraudulent payments. (*Id*.) However, the Grand Jury investigation raised other concerns with HSA practices. These other concerns include: (1) poor communication among various divisions responsible for foster care payments; (2) outdated and repetitive training for new and continuing foster parents; (3) a lack of immediate detailed documentation of foster care site visits by social workers; (4) regulations which prohibit some administrators from knowing which social workers are falling behind in their responsibilities; and (5) repeated changes in social workers assigned to children. (*Id*.)

Plaintiff does not allege how these HSA practices revealed in the Grand Jury Report amount to pattern of constitutional violations other than to allege "one can infer that this conduct is prevalent among social workers and that defendant Evans and other social workers similarly situated committed judicial deception that was never addressed . . . ." (*Id*.) Unwarranted inferences are insufficient to defeat a motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). To establish deliberate indifference in a *Monell* claim, a plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). Plaintiff fails to allege sufficient facts that connect the issues raised in the Grand Jury Report to his alleged constitutional violation. Without more — such as specifically identifying how a lack of supervision over Evans led to the alleged constitutional violation — Plaintiff fails to demonstrate a direct causal link between his alleged constitutional violation and a "permanent and well settled practice" within HSA. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Additionally, Plaintiff does not sufficiently allege a *Monell* claim under the "failure to train" theory. A failure to train or supervise can also amount to a "policy or custom" sufficient to impose liability under § 1983 "where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton*, 489 U.S. at 389. Plaintiff alleges the Grand Jury Report revealed that "[m]andatory training under State regulations is repetitive, boring, and often irrelevant" which demonstrates "the County of San Joaquin has either a policy or custom and practice of failure to train or inadequate training of

7

social workers . . . ." (ECF No. 39 at 5.) However, the Grand Jury Report only discusses concerns with the training HSA provides to new and continuing foster parents, not HSA employees. (ECF No. 35 at Exhibit A.) The quality of training HSA provides to foster parents is inapposite to whether HSA "disregarded the known and obvious consequence" that would occur should HSA fail to provide training to its employees that would have prevented Plaintiff's alleged constitutional violation. *Flores v. Cty. of L.A.*, 758 F.3d 1154, 1159 (9th Cir. 2014). Accordingly, Plaintiff has not sufficiently plead facts giving rise to a Monell claim under the "failure to train" theory.

In sum, Plaintiff's allegations regarding HSA policies and practices are insufficient. Therefore, the Court GRANTS Defendants' motion to dismiss Claim Three. Because the Court has provided Plaintiff with several opportunities to amend this claim, and Plaintiff has repeatedly failed to do so, the Court finds amendment would be futile. As such, dismissal of Claim Three is without leave to amend.

B.  State Law Claims

Plaintiff asserts two state law claims: (1) negligence against Evans and HSA (Claim Four); and (2) IIED against Evans and HSA (Claim Six). (ECF No. 35 at 38–45.) Defendants seek dismissal of both state law claims because Evans is entitled to statutory immunity pursuant to California Government Code § 821.6 ("§ 821.6") and HSA is immune where Evans is immune pursuant to California Government Code § 815.2(b) ("815.2(b)"). (ECF No. 38 at 10–13.) Defendants further assert Plaintiff fails to allege any facts demonstrating that Plaintiff's negligence claim falls within an exception to immunity in Government Code § 820.21 ("§ 820.21"). (*Id.*)

Section 821.6 provides: "[a] public employee is not liable for injury caused by his instituting or prospecting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. California courts have held § 821.6 "provides complete immunity for social workers (and a county) for their actions taken to investigate, declare children dependents of the county, and cause their removal from parental control." *Ronald S. v. Cnty. of San Diego*, 16 Cal. App. 4th 887, 899

(1993). The immunity provided by § 821.6 is broad. *See Gabrielle A. v. Cnty. of Orange*, 10 Cal. App. 5th 1268, 1285 (2017), *as modified* (Apr. 18, 2017) ("Immunity applies even to 'lousy' decisions in which the worker abuses his or her discretion, including decisions based on 'woefully inadequate information.'") (citations and internal quotation marks omitted); *see also Masoud v. Cnty. of San Joaquin*, No. CIV. S-06-1170 FCD EFB, 2006 WL 3251797, at *7 (E.D. Cal. Nov. 8, 2006) ("California courts have applied these immunities quite expansively to social workers, and the protection afforded by these statutes is arguably much broader than the [quasi-prosecutorial or quasi-judicial] federal immunity.").

Section 820.21 provides an exception to § 821.6 immunity. More specifically, § 820.21 abrogates immunity for: (1) perjury; (2) fabrication of evidence; (3) failure to disclose known exculpatory evidence; or (4) obtaining testimony by duress, fraud, or undue influence — if committed with malice. Cal. Gov't Code § 820.21(a); *see Beltran v. Santa Clara Cnty*., 514 F.3d 906, 908 (9th Cir. 2008) (holding social workers "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury" and reversing dismissal of claim where "much of the information" contained in a dependency petition signed under penalty of perjury was allegedly fabricated); *but see Gabrielle A*., 10 Cal. App. 5th at 1286–87 (on summary judgment, granting immunity where allegations were "heavy on speculation and light on facts" and therefore insufficient to establish malice). Malice is defined as "conduct that is intended by the person described in subdivision (a) to cause injury to the plaintiff or despicable conduct that is carried on by the person described in subdivision (a) with a willful and conscious disregard of the rights or safety of others." Cal. Gov't Code § 820.21(b). Thus, not only must the act fall into one of the enumerated categories, but it must also be committed with malice. *Id*. at § 820.21(a). "This is a high bar to clear." *Gabrielle A*., 10 Cal. App. 5th at 1285.

The Court will address how these sections apply to Evans and HSA in turn.

        *i. Evans*

As an initial matter, the Court found in its March 30, 2022 Order that Plaintiff adequately alleges that Evans committed perjury when she testified to the juvenile dependency court and

knew or reasonably should have known that she was providing false information to the court about the identity of A.R.'s biological father. (ECF No. 34 at 24.) Thus, the remaining issue is whether Evans is exempt from immunity because Plaintiff sufficiently alleges that Evans acted with malice.

Plaintiff contends Evans acted with malice because "[t]he Court has already ruled that Plaintiff adequately alleged defendant's actions were performed with deliberate indifference . . . [and] [d]eliberate indifference is tantamount to malice." (ECF No. 39 at 7.) Additionally, Plaintiff argues Evans is not entitled to immunity because "a person acting under color of law who commits a constitutional violation cannot be immunized by state law." (*Id.* at 6 (citing *Martinez v. California*, 444 U.S. 277, 284 (1980); *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000).) Defendants assert that Plaintiff's arguments rely on incorrect statements of law. The Court agrees.

First, Plaintiff confounds the meaning of deliberate indifference and malice. As discussed above, § 820.21 defines malice as "conduct that is *intended* by the person described in subdivision (a) to cause injury to the plaintiff or despicable conduct that is carried on by the person described in subdivision (a) with a *willful* and *conscious* disregard of the rights or safety of others." Cal. Gov't Code § 820.21(b) (emphasis added). In contrast, deliberate indifference "require[es] proof that a municipal actor *disregarded* a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (emphasis added). Thus, deliberate indifference and malice are two distinct standards of intent, with malice requiring a higher burden of proof to show actual intent. *See Sullivan v. Aurich*, 2021 WL 8821421 (W.D. Wash. Nov. 23, 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994)) ("Deliberate indifference is a high legal standard that falls somewhere between mere negligence and actual malice."); *Kimes v. Matayoshi*, 2017 WL 4638220 (D. Haw. Oct. 16, 2017), *aff'd*, 782 F. App'x 622 (9th Cir. 2019) ("[Plaintiffs] conflate malice . . . with deliberate indifference — a different standard requiring a different burden of proof."). Thus, the Court's finding that Plaintiff adequately alleged Evans acted with deliberate indifference has no bearing on whether Plaintiff adequately alleges malice within the meaning of § 820.21.

Second, Plaintiff's reliance on *Martinez* and *Wallis* is unpersuasive. *Martinez* and *Wallis* hold that state law cannot provide immunity from suit for federal civil rights violations. *See Martinez*, 444 U.S. at 284; *Wallis*, 202 F.3d at 1144. However, Defendants do not assert § 821.6 immunity should apply to Plaintiff's federal law claims. (ECF No. 38 at 10–13.) Instead, Defendants assert § 821.6 provides Evans immunity from Plaintiff's state law claims. Thus, these holdings are irrelevant to whether Evans is entitled to § 821.6 immunity for Plaintiff's state law negligence and IIED claims.

Without more, what remains in the TAC are insufficient "threadbare recitals" of a cause of action. *See Iqbal*, 556, U.S. at 678. According to Plaintiff, Evans acted with "reckless disregard of the rights of plaintiff and A.R." (ECF No. 35 at ¶ 64(b).) Plaintiff also provides a vague, conclusory statement with regards to his IIED claim: "Evans intended to cause harm to plaintiff, or acted with reckless disregard of the possibility that plaintiff would suffer extreme emotional distress . . . ." (*Id*. at ¶ 75.) The Court finds that the Plaintiff's conclusory allegations do not rise to the level of "conduct that is intended by [Defendants] . . . to cause injury to [Plaintiff] or despicable conduct that is carried on by [Defendants] with a willful and conscious disregard of the rights or safety of others." Cal. Gov't Code § 820.21(b). Accordingly, Plaintiff fails to allege the requisite element of malice. Evans is thus entitled to statutory immunity under § 821.6.

Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims for negligence and IIED against Evans.

### ii.  HSA

Based on the Court's ruling on Plaintiff's negligence and IIED claims against Evans, Plaintiff's derivative claims against HSA fail. *See Gabrielle A.*, 10 Cal. App. 5th at 1285 (citing Cal. Gov't Code § 815.2 (b) ("Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.")).

Absent any argument to the contrary, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims for negligence and IIED against HSA.

///

In sum, the Court GRANTS Defendants' motions to dismiss Claims Four and Six. As discussed with Claim Three, the Court has given Plaintiff several opportunities to cure the deficiencies with Claims Four and Six. Plaintiff's repeated failure to do so convinces the Court that further amendment is futile. Accordingly, dismissal of Claims Four and Six are without leave to amend.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Dismiss (ECF No. 38) without leave to amend. The case will proceed on Plaintiff's two remaining claims: (1) First Amendment interference with familial relations against Evans (Claim One); and (2) Fourteenth Amendment due process violations against Evans (Claim Two). Defendants shall file an answer not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

Dated: July 11, 2023

Troy L. Nunley
United States District Judge

12