VINCENT W. DAVIS (State Bar Number: 125399)
ERI DIAZ AGUILAR (State Bar Number: 349578)
LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
440 E. Huntington Drive Avenue, Suite 100
Arcadia, California 91006
Telephone: (626) 446-6442
v.davis@vincentwdavis.com
eri@vincentwdavis.com

Attorneys for Plaintiff
VICTOR RODRIGUEZ

DANA A. SUNTAG (State Bar Number: 125127)
JOSHUA J. STEVENS (State Bar Number: 238105)
HERUM\CRABTREE\SUNTAG, LLP
5757 Pacific Avenue, Suite 222
Stockton, California  95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com

Attorneys for Defendant
STEPHANIE EVANS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR RODRIGUEZ, an individual,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF SAN JOAQUIN by and through the SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY; STEPHANIE EVANS, an individual; LYNN K. SAGA-MATSUMOTO, an individual, and DOES 1 through 9,<br><br>　　　　Defendants. | Case No. 2:16-cv-00770-TLN-JDP<br><br>**STIPULATION REGARDING MENTAL EXAMINATION OF PLAINTIFF; [PROPOSED] ORDER**<br><br>[No Hearing Requested] |

1

All parties, through their undersigned counsel of record, stipulate as follows:

R E C I T A L S

A. On April 14, 2016, Plaintiff filed this lawsuit under 42 U.S.C. Section 1983 regarding the termination of his alleged parental rights to the minor child "A.R." through a dependency proceeding in the San Joaquin County Dependency Court.

B. Plaintiff claims the termination of his parental rights caused him severe emotional distress and he is seeking emotional distress damages. Accordingly, Plaintiff has put his mental and emotional state and need for medical, psychiatric, and psychological care directly at issue in this action.

C. Federal Rule of Civil Procedure 35(a)(1) authorizes the Court, in an action where the Plaintiff's mental condition is in controversy, to order the Plaintiff to submit to a mental examination.

S T I P U L A T I O N

1. The mental examinations will consist of a psychological evaluation to be conducted by Sarah Hall, Ph.D., and a psychiatric evaluation to be conducted by David Kan, M.D.

2. Copies of Dr. Hall and Dr. Kan's CVs are attached as Exhibit 1 and Exhibit 2, respectively.

3. The mental examinations will take place in multiple sessions no longer than six hours per session for a maximum of two sessions. The first session, of psychological testing, will be conducted by Dr. Hall and will take place on January 14, 2025, starting at 9:00 a.m. The second session will be a psychiatric examination conducted by Dr. Kan and will take place on January 21, 2025, starting at 10:00 a.m. All sessions of testing and examination will be conducted remotely via Zoom or other secure videoconferencing software.

4. Plaintiff's mental examinations will be conducted for the purpose of determining, evaluating, and assessing Plaintiff's mental condition, claims of emotional injury or distress, and the cause or causes thereof. Plaintiff's claims of continuing, ongoing,

or permanent injury or distress, if any, will be within the scope of the examinations, including any claims for future care.

5. Plaintiff shall not be questioned about privileged communications with counsel.

6. There will be no duplication of testing or examination between Dr. Hall's psychological testing and Dr. Kan's psychiatric examination.

7. Plaintiff will timely prepare and complete written testing documents, in addition to an intake sheet and background information forms, as required and instructed by Drs. Hall and Kan.

8. Plaintiff's mental examination will not involve a physical examination or any painful, protracted, or unduly invasive procedures.

9. Dr. Hall's testing will use psychological tests carefully selected to evaluate the nature and scope of the alleged mental/emotional damages. The specific tests to be used in the examination will be drawn from the following commonly used and well-accepted psychological tests which may include:

    a. Minnesota Multiphasic Personality Inventory-2 (MMPI-2),

    b. Personality Assessment Inventory (PAI)

    c. Structured Interview of Reported Symptoms, 2nd Edition (SIRS-2)

10. Dr. Kan's psychiatric examination of Plaintiff will include: the taking of the Plaintiff's personal and family history; medical and psychiatric history; educational and work history; social, marital, relationship, and recreational history; a substance use history; a legal history; a history of the incidents resulting in the claims of psychological and/or emotional injuries and/or distress; a history of the changes over time in Plaintiff's psychological and/or emotional signs or symptoms since the onset of any psychological or emotional distress allegedly connected with the incident(s); the extent to which any such psychological and/or emotional signs or symptoms interfere with Plaintiff's daily functioning; the history of any such interference over time; the psychological and/or emotional condition of Plaintiff as of the date of the evaluation; the relationship, if any,

between the nature and intensity of any psychological and/or emotional signs or symptoms related to the claimed incident(s); any prior, contemporaneous, or subsequent experience of any psychological and/or emotional predisposing and/or distressing events in the individual's life; Plaintiff's usual daily schedule as of the time of the evaluation; whether Plaintiff evidences a need for psychiatric and/or psychological counseling or psychotropic medication for the alleviation or relief of any psychological or emotional signs or symptoms or any interference in daily functioning that might be connected with the incident(s); a detailed account of the events Plaintiff claims were the cause of his emotional damages; and Plaintiff's prognosis for the future. The examination will also include a mental status examination to evaluate his mood, speech, thought processes, and other mental functions.

11. Plaintiff will attend the examinations by Dr. Hall by Zoom or other secure videoconferencing software. During the examination, Plaintiff will be physically present at California Deposition Reporters, 2453 Grand Canal Boulevard, Suite J, Stockton, California 95207. California Deposition Reporters will provide Plaintiff the written testing materials prepared by Dr. Hall and all equipment necessary to attend the examination by Zoom, including a computer, monitor, microphone, webcam, and internet access. A court reporter will <u>not</u> report the examinations.

12. For the examination by Dr. Kan, Plaintiff can choose either to be physically at home (as long as it is a quiet location with no one else present and a reliable internet connection), or at California Deposition Reporters' offices. The default location will be Plaintiff's home, and defense counsel will provide the Zoom link information to Plaintiff's counsel no later than seven days before the scheduled examination. If Plaintiff elects to participate in the examination by Dr. Kan at the offices of the California Deposition Reporters, Plaintiff's counsel will inform opposing counsel in writing no later than seven days before the scheduled examination.

13. No one will record any portions of the examinations by audio or video.

14. Only Dr. Kan, Dr. Hall, and Plaintiff will be present (via video conferencing software) during the examinations. No one else (including without limitation Plaintiff's

counsel, Defendants' counsel, any representative of Drs. Kan or Hall, or any of Plaintiff's friends, family members, acquaintances, or representatives or agents) may be present (either physically or electronically, such as, for example, by phone or video) during the examinations. California Deposition Reporters staff may assist with the video conferencing software, but they will not be present in the room Plaintiff is in during the examination.

15. The parties agree that Sarah Hall, Ph.D., will provide a copy of the actual tests completed by Plaintiff, only to a psychologist expert retained by Plaintiff with demonstrated in-depth training and expertise in the administration and interpretation of psychological tests.

16. Plaintiff shall be entitled, upon his request, for breaks as needed during these sessions.

17. If Plaintiff fails to appear as scheduled without providing at least 48 hours' advance written notice to defense counsel, Plaintiff will be responsible for the applicable cancellation fees of $725 per hour for a three-hour duration for Dr. Hall for each scheduled session and $850 per hour for a three-hour duration for Dr. Kan for each scheduled session.

Respectfully Submitted,

Dated: December 5, 2024                    HERUM CRABTREE SUNTAG, LLP

                                           By: */s/ Joshua J. Stevens*
                                               DANA A. SUNTAG
                                               JOSHUA J. STEVENS
                                               Attorneys for all Defendants

Dated December 5, 2024                     LAW OFFICES OF VINCENT W. DAVIS
                                           & ASSOCIATES

                                           By: */s/ Eri Diaz Aguilar*
                                               VINCENT W. DAVIS
                                               ERI DIAZ AGUILAR
                                               Attorneys for Plaintiff
                                               VICTOR RODRIGUEZ



5
STIPULATION AND ORDER RE: DEFENSE MENTAL EXAMINATION OF PLAINTIFF

**SIGNATURE ATTESTATION**

Pursuant to Eastern District of California Local Rule 131(e), I attest that I obtained authorization to place Plaintiff's counsel's e-signature on this document and to file this document with the Court.

By: /s/ - *Joshua J. Stevens*
Joshua J. Stevens

**[PROPOSED] ORDER**

The Court, having considered the parties' Stipulation, and good cause appearing, rules as follows: the relief the parties' Stipulation requests is GRANTED.

IT IS SO ORDERED.

Dated:   December 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

